UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SYZAK, #215189,

    Plaintiff,                                       Hon. Janet T. Neff

v.                                                         Case No. 1:16-cv-727

ANDREA LINDHOUT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendants' Motion for Summary Judgment, (ECF No. 15) and Defendant's Motion for Summary Judgment, (ECF No. 19).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted**.

## BACKGROUND

        The following allegations are contained in Plaintiff's complaint.  On January 1, 2016, Plaintiff was assaulted by another prisoner causing severe injuries which necessitated that Plaintiff be hospitalized at a non-MDOC facility.  Upon returning to prison, Plaintiff continued to experience severe and chronic pain.  Despite experiencing such pain, Defendants refused Plaintiff's requests for prescription pain medication and instead supplied him with over-the-counter medication only.

        Plaintiff initiated the present action on June 13, 2016, alleging violations of his Eighth Amendment rights against Andrea Lindhout, Subrina Aiken, Joan Alfrey, Elizabeth Berg, Meredith Hammond, Jerry Ritz, and one unidentified party.  Defendants Lindhout, Aiken, Alfrey, Berg,

Hammond, and Ritz now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their

complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Id.*  With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.  Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration."  Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P.  If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.  *Id.*  The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff.  *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.  If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step

III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Defendants assert that Plaintiff has failed to pursue through all three steps of the grievance process any grievance regarding the matters asserted in Plaintiff's complaint. Plaintiff does not dispute this assertion, but instead argues that he was not required to complete the grievance process because the issues asserted in his complaint are "NON-grievable" matters which cannot be addressed through the MDOC grievance process.

As Plaintiff correctly notes, MDOC policy provides that "[i]ssues not within the authority of the Department [of Corrections] to resolve" are considered "non-grievable issues." Michigan Department of Corrections, Policy Directive 03.02.130 ¶ F(5). Had Plaintiff actually submitted grievances in this matter which were rejected as asserting non-grievable issues, Plaintiff would likely be on solid ground. However, Plaintiff simply determined on his own that his complaints were beyond the authority of the MDOC to resolve. Plaintiff's argument is that Step III grievances are resolved by the Director of the MDOC who, according to Plaintiff, "does NOT have the authority, knowledge, skills, experience, training, or education, to direct or force doctors to provide prisoners with medications, exams, or treatment." (ECF No. 21 at PageID.156). Thus, according to Plaintiff's interpretation of the relevant Policy Directive, he was not required to submit grievances regarding his current claims.

Plaintiff's argument, however, suffers from two glaring shortcomings. First, Plaintiff is not authorized to subjectively interpret MDOC policy and decide for himself what constitutes a grievable issue. Instead, the prisoner is required to submit a grievance, in accordance with policy, and it is prison officials who are tasked with determining whether the issue raised in the grievance is

properly addressed by the grievance process. *See* Michigan Department of Corrections, Policy Directive 03.02.130 ¶¶ B, E, G, P-GG. As noted above, the Supreme Court holds that proper exhaustion requires compliance with the grievance process required by the prison, not the prisoner's subjective interpretation thereof.

Second, while Plaintiff may have a point that the Director of the MDOC lacks the expertise to weigh in on certain medical treatment issues, MDOC policy, in apparent recognition of such concerns, expressly provides that Step II and Step III grievances "regarding health care issues" be resolved by the Regional Health Administrator and Administrator of the Bureau of Health Care Services, respectively. *See* Michigan Department of Corrections, Policy Directive 03.02.130 ¶¶ DD, GG. In sum, Plaintiff's arguments are unpersuasive and directly counter to authority requiring inmates in Michigan prisons, asserting denial of medical treatment claims, to exhaust their administrative remedies. *See, e.g., Drain v. Burke*, 2015 WL 1323366 (W.D. Mich., Mar. 24, 2015). Accordingly, the Court finds that Defendants have satisfied their burden to establish that Plaintiff failed to properly exhaust his claims.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Plaintiff has failed to properly exhaust his claims against Defendants Lindhout, Aiken, Alfrey, Berg, Hammond, and Ritz. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 15), be **granted**; Defendant's Motion for Summary Judgment, (ECF No. 19), be **granted**, and Plaintiff's claims against Defendants Lindhout, Aiken, Alfrey, Berg, Hammond, and Ritz be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                          Respectfully submitted,

Date:  April 11, 2017                         /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge